IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) CIVIL ACTION NO. 1:09-CV-00730 |
| Plaintiff, | ) ) ) |
| v. | ) COMPLAINT ) |
| PACE AIRLINES, INC. | ) JURY TRIAL DEMAND ) |
| Defendant. | ) ) ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Chau Nguyen who was adversely affected by such practices. As described with greater particularity below, Plaintiff Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), alleges that Defendant, Pace Airlines, Inc. ("Defendant"), discriminated against Chau Nguyen by discharging her in retaliation for opposing employment practices made unlawful by Title VII.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

1

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant is a Delaware corporation with its principal place of business in Winston-Salem, North Carolina.

5. At all relevant times, Defendant has been doing business in the State of North Carolina and the city of Winston-Salem, and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Chau Nguyen filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. On or about February 27, 2006, Defendant engaged in unlawful employment practices at its principal place of business in Winston-Salem, North Carolina, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by retaliating against Chau Nguyen. Nguyen who is Asian, was hired by Defendant in November 2003 as a Flight Attendant. Defendant terminated Nguyen's employment on or about February 27, 2006 because she opposed employment practices she reasonably believed to be unlawful under Title VII. Specifically, Nguyen complained that she was not selected for a position as a Lead Flight Attendant because of her race and/or national origin, Asian. Nguyen complained that Defendant was selecting only

Caucasians for the Lead Flight Attendant position. Nguyen complained of the discrimination by emails dated February 20, February 21 and February 23, 2006 directed to or carbon copied to the Director of In-Flight, Manager of In-Flight, and a Human Resources Representative, and in follow-up conversations with the same Human Resources Representative and the Director of In-Flight during the same time period. Nguyen was called into a meeting with the Director of In-Flight, Manager of In-Flight, and the same Human Resources Representative on February 27, 2006. During that meeting Nguyen again complained of Defendant's discriminatory promotion practices. During said meeting, and as a result of her complaints, Nguyen was discharged by Defendant.

9. The effect of the practice complained of in paragraph 8 above has been to deprive Nguyen of equal employment opportunities and otherwise adversely affect her status as an employee because of her participation in a protected activity.

10. The unlawful employment practice complained of in paragraph 8 above was intentional.

11. The unlawful employment practice complained of in paragraph 8 above was done with malice or with reckless indifference to the federally protected rights of Nguyen.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for employees who oppose unlawful discrimination, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Chau Nguyen whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant to make Chau Nguyen whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including but not limited to medical expenses, in amounts to be determined at trial.

E. Order Defendant to make Chau Nguyen whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Chau Nguyen punitive damages for its malicious and reckless conduct described in paragraph 8 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 23rd day of September 2009.

>Respectfully submitted,
>
>JAMES L. LEE
>Deputy General Counsel
>
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION
>131 M Street, NE
>Washington, DC 20507
>
>s/ Lynette A. Barnes
>LYNETTE A. BARNES (N.C. Bar No. 19732)
>Regional Attorney
>E-mail: Lynette.Barnes@eeoc.gov
>
>TINA BURNSIDE (Wis. Bar No.1026965)
>Supervisory Trial Attorney
>E-mail: Tina.Burnside@eeoc.gov
>
>s/ Nicole A. Epstein
>NICOLE A. EPSTEIN (N.C. Bar No. 26689)
>Trial Attorney
>E-mail: Nicole.Epstein@eeoc.gov
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION
>129 W. Trade Street, Suite 400
>Charlotte, North Carolina 28202
>Telephone: (704) 344-6885
>Facsimile: (704) 344-6780